DISPUTE PREVENTION & RESOLUTION

STATE OF HAWAII

| | |
|---|---|
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF HONOLULU, a Hawaii nonprofit corporation,<br><br>    Claimant/Counterclaim Respondent,<br><br>vs.<br><br>ALOHA KAI DEVELOPMENT, LLC, a Hawaii limited liability company,<br><br>    Respondent/Counterclaimant. | ) DPR No. 16-0619-A<br>) (Contract)<br>) Affects TMK No. (1) 2-3-036-005<br>)<br>) RULING ON YMCA'S REQUEST FOR<br>) ATTORNEYS' FEES AND COSTS,<br>) AND FINAL DECISION AND<br>) ARBITRATION AWARD<br>)<br>)<br>)<br>) <u>Arbitrator</u>:  David L. Fairbanks<br>) <u>Arbitration Hearing</u>:  December 4, 2017<br>)                    through December 12, 2017<br>) |

<u>RULING ON YMCA'S REQUEST FOR ATTORNEYS' FEES AND COSTS</u>

I.

<u>BACKGROUND</u>

On January 31, 2018, the Arbitrator issued his Findings of Fact, Conclusions of Law, and Order in this Arbitration proceeding ("FF-CL-Order"). The FF-CL-Order found that Sections 18.2(d) and 19.8 of the Amended PSA provide for a prevailing party to recover reasonable attorneys' fees, expenses and costs. See FF-CL-Order, at Paragraph 49.

On February 9, 2018, Claimant/Counterclaim Respondent YOUNG MEN'S CHRISTIAN ASSOCIATION ("YMCA"), by Affidavit of Nickolas A. Kacprowski and supporting exhibits, submitted its request for attorneys' fees and costs in this matter ("YMCA's Request").

On February 16, 2018, Respondent/Counterclaimant ALOHA KAI DEVELOPMENT, LLC ("AKD") submitted its Response to YMCA's Request ("AKD's Response").

# EXHIBIT B

Pursuant to the FF-CL-Order, incorporated herein by reference, the Arbitrator issues his Ruling On YMCA's Request For Attorneys' Fees and Costs and the Final Decision and Arbitration Award in this matter.[1]

II.

DISCUSSION

Article XVIII of the Amended PSA, entitled "Dispute Resolution", provides that:

> 18.1   Mediation. Any and all matters in dispute arising from or relating to this Agreement, or breach thereof, which remain unresolved after direct negotiation between the parties, shall first be submitted to confidential mediation in accordance with the Rules, Procedures and Protocols for Mediation of Dispute Prevention & Resolution, Inc., Honolulu, Hawaii ("**DPR**"), then in effect.  The parties agree that a good faith attempt to resolve all issues in mediation is a pre-condition to further adversarial proceedings of any kind.  The **mediator's fees and costs shall be shared by the YMCA and the Developer [AKD] and each Party shall be responsible for their own attorneys' fees and costs incurred in connection with the mediation proceedings**.
>
> 18.2.   Binding Arbitration. If any issues, claims or disputes remain unresolved after mediation concludes, the parties shall submit any such issues to binding arbitration, unless the parties mutually agree otherwise.  Any arbitration held pursuant to this Section 18.2 shall be conducted in accordance with the following provisions:
>
> (a)   Administration of Arbitration Proceedings. All arbitration proceedings shall be administered in accordance with the Arbitration Rules, Procedures & Protocols of DPR (the "**Arbitration Rules**") in effect as of the date of this Agreement and in accordance with Hawaii's Uniform Arbitration Act ("Hawaii Revised Statutes Chapter 658A) (the "**HUAA**").
>
> (e)   Arbitration Fees. Initially, the Arbitrator's fees, and all administrative fees and costs shall be borne equally by the

---

[1] On February 20, 2018, YMCA filed a Request For Leave to File Reply Brief In Support of the YMCA's Request ("Request For Leave").  On February 21, 2018, AKD requested leave to file a response to the YMCA's Request For Leave.  The FF-CL-Order did not contemplate filing of a reply brief and it did not contain any deadline for the same, and on February 21, 2018, both of these requests were denied.

> YMCA and the Developer [AKD] and each Party shall be responsible for its own attorneys' fees and costs in connection with the arbitration proceedings. **The Arbitrator shall have the power to award attorneys' fees and other costs related to the arbitration to the prevailing party**.

See Amended PSA Sections 18.1-18.2, at pp. 31-32 (bold in original) (bold and underscore emphasis added). The Amended PSA further provides as follows:

> Attorneys' Fees. In the event YMCA or Developer bring any suit or other proceeding with respect to the subject matter or enforcement of this Agreement, **the prevailing party** (as determined by the court, agency or other authority before which such suit or proceeding is commenced) **shall, in addition to such other relief as may be awarded, be entitled to recover reasonable attorneys' fees, expenses and costs of investigation as actually incurred (including, without limitation, reasonable attorneys' fees, expenses and costs** of investigation incurred in appellate proceedings, costs incurred in establishing right to indemnification, or in any action or participation in, or in connection with, any case or proceeding under Chapter 7, 11, or 13 of the Bankruptcy Code, 11 U.S.C. 101 et seq. or any successor statutes).

See Joint Exhibit 6, Section 19.8, at pp. 33-34 (emphasis added).

The Supreme Court of Hawaii has recognized:

> (1) The freedom and autonomy of parties to enter into an agreement for arbitration;
>
> (2) The parties' right to provide the scope of the arbitrator's authority within such an agreement; and
>
> (3) The broad discretion afforded to, and the limited judicial review of, the arbitrator in rendering awards.

Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Haw. 476, 477, 236 P.3d 456, 457 (2016). "[T]he scope of an arbitrator's authority is determined by the agreement of the parties," and an arbitrator has broad discretion in resolving the dispute. Id. (internal citations omitted).

3

**A.    Attorneys' Fees and Costs Relating to the Mediation**

The YMCA requests for attorneys' fees and costs included fees and costs incurred for the Mediation. See YMCA Request, Exhibit B (Entry No. 2) and Exhibit F (Chang Iwamasa law firm's time entries). AKD objects to YMCA's request for Mediation-related attorneys' fees and costs by the YMCA, including those of the Chang Iwamasa law firm. See AKD Response, at pp. 7-9. AKD argues that Mediation-related fees and costs are outside the scope of the fees and costs under consideration by the Arbitrator pursuant to FF-CL-Order Paragraph 49. Id.

The Amended PSA required the parties to participate in mediation as a condition/prerequisite before proceeding to binding arbitration. See Joint Exhibit 6, Amended PSA, Section 18.1, at p 31. As set forth above, the Amended PSA expressly states that, "each Party shall be responsible for their own attorneys' fees and costs incurred in connection with the mediation proceedings." Id. Thus, the FF-CL-Order contemplated the YMCA submitting its claim for attorneys' fees and costs only related to the Arbitration, and not the Mediation. See FF-CL-Oder, Paragraph 49.

Given the clear, unambiguous language in the Amended PSA, the Arbitrator denies the YMCA's request for attorneys' fees and costs relating to the Mediation. The Arbitrator has reviewed the YMCA's Request and supporting documentation, and finds that the following attorneys' fees relate to the Mediation:

/

/

/

/

/

|  |  |  |  |
|---|---|---|---|
| <u>Alston, Hunt, Floyd & Ing ("AHFI")</u> | | | |
| (a) Attorneys' Fees | $ 50,585.00[2] | | |
| (b) G.E.T. @ 4.712% | 2,383.57 | $ 52,968.57 | |
| | | | |
| <u>Chang & Iwamasa</u>[3] | | $  32,481.61 | |
| Total | | <u>$  85,450.18</u> | |

Therefore, the Arbitrator denies $85,450.18 of the attorneys' fees in YMCA's Request.

The YMCA's Request also seeks to recover $25,000.00 in mediation/arbitration fees paid to Dispute, Prevention, & Resolution ("DPR"). <u>See</u> YMCA Request, at p. 15. The supporting documentation reflects a payment by the YMCA of $1,200.00 for a mediation deposit. <u>See</u> YMCA Request, Exhibit G, "AHFI Itemization of Costs," at p. 14; and Exhibit G-6. As set forth above, the Amended PSA clearly states that the parties shall bear their own attorneys' fees and costs in connection with the Mediation. <u>See</u> Joint Exhibit 6, Amended PSA Section 18.1, at p. 31. Accordingly, the Arbitrator denies $1,200.00 in Mediation costs in YMCA's Request.

**C.   <u>Attorneys' Fees and Costs Relating to the Arbitration</u>**

AKD also challenges the YMCA's Request for attorneys' fees and costs relating to the Arbitration. AKD's objections to the YMCA's attorneys' fees relating to the Arbitration are based, in part, on Hawaii Revised Statute ("H.R.S.") § 607-14 and that statute's limitation of an award of attorneys' fees to no more than 25% of the amount of

---

[2] The Alston, Hunt, Floyd & Ing attorneys' fees related to the Mediation were comprised of: (1) 29.0 hours for Paul Alston, Esq.; (2) 90.8 hours for Nickolas Kacprowski, Esq.; and (3) 20.4 hours for Jasmine M. Fisher (billing initials "JAFI"). <u>See</u> YMCA's Request, Exhibit B.

[3] The Chang Iwamasa time entries do not reflect a separate General Excise Tax ("G.E.T.") calculation in addition to the attorneys' hours, and the G.E.T. appears to be included in the attorney hour summaries. Thus, the total attorneys' fees deducted for the Chang Iwamasa law firm are based on the amounts in the corresponding time sheets in Exhibit F attached to the YMCA's Request, without an additional calculation for G.E.T.

5

the damages awarded.[4]  See AKD's Response, at pp. 4-7.  H.R.S. § 607-14 authorizes recovery of attorneys' fees in certain civil actions as follows:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment...The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
>
> Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.

See Haw. Rev. Stat. § 607-14.[5]  Accordingly, AKD argues that reasonable attorneys' fees awarded in this Arbitration may not exceed 25% of the $1 million in damages awarded to the YMCA.

The Amended PSA states that this Arbitration shall be governed by Hawaii Revised Statutes Chapter 658A, the Hawaii Uniform Arbitration Act ("HUAA").  See Joint Exhibit 6, Amended PSA, Section 18.2(a).  The HUAA contains a specific

---

[4] AKD raised a number of other objections to the YMCA's Request, including: (1) excessiveness in relation to the amount of the damages awarded; (2) exorbitant rates charged; (3) duplicative charges; and (4) charging for a bookkeeping error.  See, e.g., AKD's Response, at pp. 12-15.

[5] As AKD noted, H.R.S. § 607-14 does not apply to certain types of actions, which are not at issue here:  "Nothing in this section shall limit the recovery of reasonable attorneys' fees and costs by a planned community association and its members in actions for the collection of delinquent assessments, the foreclosure of any lien, or the enforcement of any provision of the association's governing documents, or affect any right of a prevailing party to recover attorneys' fees in excess of twenty-five per cent of the judgment pursuant to any statute that specifically provides that a prevailing party may recover all of its reasonable attorneys' fees. 'Planned community association' for the purposes of this section means a nonprofit homeowners or community association existing pursuant to covenants running with the land."

6

provision authorizing an arbitrator to award reasonable attorneys' fees and expenses under the following conditions:

> An arbitrator may award reasonable attorneys' fees and other reasonable expenses **if** such an award is **authorized by law** in a civil action involving the same claim **or by the agreement of the parties to the arbitration proceeding**.

See Haw. Rev. Stat. § 658A-21(b) (emphasis added).

The Supreme Court of Hawaii has held that H.R.S. 658A-21(b) authorizes an award of reasonable attorneys' fees and expenses under "*both* (1) the law applicable in a civil action of the same claim *and* (2) the agreement of the parties." See Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Haw. 476, 477-478, 236 P.3d 456, 457-458 (2010) (italics in original). Significantly, the Supreme Court of Hawaii has also held that, "awards of attorneys' fees [by an arbitrator] can be valid and authorized based on a party agreement, **even if the resulting award exceeds the '25% of the judgment' limitation included in HRS § 607-14**." Id. (emphasis added). A brief discussion of Kona Village is appropriate.

In Kona Village Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Haw. 476, 236 P.3d 456 (2010), the parties entered into a real estate brokerage agreement which contained an arbitration provision that authorized the arbitrators to award attorneys' fees, "in such amounts as the majority of the arbitrators shall determine at the time of the award." See Kona Village, 123 Haw. at 477, 236 P.3d at 457. A 3-arbitrator panel found in favor of Kona Village Realty, Inc. and awarded: (1) damages of $45,441.75; (2) prejudgment interest of $24,152.29; (3) attorneys' fees of $123,994.69; and (4) costs of $25,673.18. Kona Village, 123 Haw. at 480, 236 P.3d at 460. Thus, the $123,994.69 in attorneys' fees awarded in Kona Village were more than double the amount of the $45,441.75 in damages awarded in that arbitration. Id.

7

The Supreme Court of Hawaii affirmed the Kona Village arbitration award. The Court held that H.R.S. § 658A-21(b) allows an arbitrator to award reasonable attorneys' fees and expenses under *both*: (1) the law applicable in a civil action of the same claim, i.e., H.R.S. § 607-14, and (2) the agreement of the parties. Id. Accordingly, the attorneys' fees awarded in the arbitration were valid and authorized based on the parties' agreement, "even if the resulting award exceeds the '25% of the judgment' limitation included in H.R.S. § 607-14." Id., 123 Haw. at 478, 236 P.3d at 458.

In this Arbitration, the HUAA and the Amended PSA authorize the Arbitrator to award the YMCA "reasonable attorneys' fees", without expressly limiting or imposing a "cap" on the amount of those fees. See Haw. Rev. Stat. § 658A-21(b); Joint Exhibit 6, Amended PSA, Sections 18.2(e) and 19.8. The Kona Village case permits an award of reasonable attorneys' fees under **either** H.R.S. § 607-14 or the parties' agreement in the Amended PSA, and such an award can exceed the 25% limit included in H.R.S. § 607-14. See Kona Village, 123 Haw. at 478, 236 P.3d at 458.

AKD challenges the YMCA's request for attorneys' fees by arguing that Kona Village, *supra*; Kenneth H. Hughes, Inc. v. Aloha Tower Development Corp., 654 F. Supp. 2d 1142 (D. Haw. 2009); and Forbes v. Hawaii Culinary Corp., 85 Haw. 501, 946 P.2d 609 (App. 1997), limit the amount of reasonable attorneys' fees that can be awarded to 25% of the judgment. See AKD's Response, at pp. 5-7. However, the cited cases do not alter significantly the above analysis.

In Kona Village, the Supreme Court of Hawaii held that H.R.S. § 658A-21(b) permits an arbitrator to award attorneys' fees under either H.R.S. § 607-14 or the agreement of the parties, and that such an award may exceed the "25% of the judgment" limitation set forth in H.R.S. § 607-14. In Kenneth H. Hughes, Inc., *supra*, not

8

only did the Hawaii federal district court only analyze the award of attorneys' fees under the H.R.S. § 607-14 prong of H.R.S. § 658A-21(b), but the court did not even discuss or mention the existence of any attorneys' fees provision in the parties' arbitration agreement. See Kenneth H. Hughes, Inc., 654 F. Supp. 2d at 1149-1150. More importantly, however, the Kenneth H. Hughes, Inc. federal district court upheld the arbitrator's award of $361,804.07 in attorneys' fees based on damages of $903,592.49 and pre-award interest of $271,755.44 -- in other words, the attorneys' fees were 40% of the $903,592.49 awarded in damages, and 30% of the $1,175,347.93 awarded in damages and pre-award interest, clearly exceeding the 25% limitation contained in H.R.S. § 607-14. In fact, then, the Kenneth H. Hughes, Inc. case, like the Kona Village case, allows arbitration attorneys' fees in excess of the 25% limit found in H.R.S. § 607-14. Lastly, Forbes v. Hawaii Culinary Corp., 85 Haw. 501, 946 P.2d 609 (App. 1997), arose out of a sublease dispute and did not involve an arbitration at all. In addition, the claim for attorneys' fees in Forbes was made only pursuant to H.R.S. § 607-14. Accordingly, these cases do not support the argument that the YMCA's attorneys' fee claim is limited to 25% of the amount of the damages awarded.

With these principles in mind, specific aspects of the YMCA's Request are discussed below.

A.   **Attorneys' Fees Related To YMCA Motions/Legal Briefing**

AKD objects to the YMCA's request for attorneys' fees relating to certain filings by YMCA in the Arbitration: (1) YMCA's Motion to Compel Production of Documents Withheld by OliverMcMillan Entities, Filed May 5, 2017; (2) YMCA's Motion to Compel Production of Documents re Subpoenas to OliverMcMillan Entities, et al., Filed August 4, 2017; (3) YMCA's Motion for Preliminary Injunction; (4) YMCA's Motion to Compel Production of Documents from AKD, et al., Filed October 2, 2017; and (5)

YMCA's briefing on the remedies/limitation of damages issue. See AKD Response, at pp. 9-12. AKD challenges these requests on the grounds that YMCA did not prevail on all of these motions, and that the amounts/time claimed were excessive, block-billed with other tasks and did not include specific time spent on particular tasks each day. Id.

In considering whether to award reasonable attorneys' fees with respect to these Motions, the appropriate focus is on whether the claimed attorneys' fees are reasonable in amount and reasonably incurred, and not whether the YMCA prevailed on all of those matters.[6] See, e.g., Haw. Rev. Stat. § 658A-21(b); Joint Exhibit 6, Amended PSA, Sections 18.2(e) and 19.8. In ruling on the above-mentioned filings, the Arbitrator granted and denied certain positions taken by the YMCA, but never awarded fees, costs, or other sanctions against the YMCA (or, for that matter, AKD) as a result of those rulings. In addition, it should be noted that the motions to compel discovery involved numerous challenged documents/information, including documents submitted to the Arbitrator *in camera*. The same principle applies to the overall award of attorneys' fees to the prevailing party in the Arbitration: were the attorneys' fees reasonable in amount and reasonably incurred in the litigation, and not whether they must bear some mathematical relationship to the damages awarded.

AKD is correct that many of the YMCA's attorney time entries were "block-billed" and did not specify time spent for specific tasks. Based on the issues presented by these filings and the descriptions of the other activities performed in the subject time entries, the Arbitrator finds that such attorneys' fees related to these filings were reasonable.

---

[6] The Arbitrator notes that AKD cited no authority for the proposition that attorneys' fees should not be awarded in connection with a motion within the Arbitration unless the YMCA prevailed on the motion.

10

**B.     Attorney Hourly Rate For Nickolas Kacprowski, Esq.**

YMCA's Request states that Nickolas Kacprowski's time was inadvertently billed to, and paid by, the YMCA at $375.00 per hour, whereas the YMCA fee agreement allowed for an hourly rate of $395.00 per hour for Mr. Kacprowski. See YMCA's Request, at p. 11, fn 4. The YMCA's Request for Mr. Kacprowski's time was calculated at the agreed-upon hourly rate of $395.00 per hour, instead of the $375.00 per hour rate actually billed to the YMCA. Id. AKD objects to the higher hourly rate claimed and argues that the $20.00 per hour differential should be denied.

Based on the records, files, and matters submitted in the Arbitration, the Arbitrator finds that the $375.00 per hour rate charged to the YMCA, and not the $395.00 per hour rate in the YMCA's retainer agreement, is the reasonable hourly rate for Mr. Kacprowski's services in the Arbitration. Accordingly, the Arbitrator awards Mr. Kacprowski's time in the Arbitration as follows:

| | |
|---|---:|
| Total Hours Claimed for Mr. Kacprowski | 1,136.50 |
| Less: Mr. Kacprowski's Mediation Hours | (90.80) |
| Arbitration Hours for Mr. Kacprowski | 1,045.70 |
| Arbitration Hours for Mr. Kacprowski x Allowed Rate of $375.00 Per Hour | $392,137.50 |

**C.     Hourly Rates for Paralegals and Law Clerks**

YMCA's Request claims an hourly rate of $160.00 for paralegals and law clerk hour for the following professionals (billing initials in parenthesis): Jasmine M. Fisher (JAFI); Stephen Millwood (SRM); Kevin Yolken (KEYO); Amanda P. Dennis (AMDE); Jennifer Fialkowski (JOF); Ali Walendziak (ALWA); and Maya Fe Holzhauer (MAHO); and Iris Takane (IKT). See YMCA Request, at p. 7. AKD challenges these billing rates as unreasonably high and argues that reasonable and appropriate rates are

$125.00 per hour for senior litigation paralegals and $75.00 per hour for law clerks. See AKD Response, at pp. 14-15.

The Arbitrator finds that after considering the issues, procedural history, and the records and files in this Arbitration, the exhibits submitted by the YMCA in support of the YMCA's Request, and for the purposes of this Arbitration only: (1) a reasonable hourly rate for a senior litigation paralegal is $125.00 per hour, see, e.g., YMCA's Request, at Exhibits C-D, and (2) a reasonable hourly rate for a law clerk in this Arbitration is $125.00 per hour. The $125.00 hourly rate awarded for law clerks will not affect the award since the 20.4 hours of time billed by law clerk Jasmine Fisher (JAFI) were incurred during the Mediation and not awarded as part of this Ruling.

Subject to the findings set forth above, the Arbitrator finds that the other attorney hourly rates submitted by the YMCA were reasonable.

The Arbitrator denies the YMCA's Request for $2,775.00 in estimated professional fees to prepare the YMCA's Request. See YMCA's Request, at p. 7. Those professional fees should have been incurred, and actual time submitted, as part of the YMCA's Request.

### D.     Duplicative Work By Legal Professionals

AKD argues that the attorneys' fees charged for attorneys and law clerks were excessive and unreasonable because they involved "duplicative work." See AKD's Response, at p. 15. AKD points out that YMCA's Request reflects four attorneys with hourly rates over $300.00 per hour; two associates with hourly rates at or exceeding $200.00 per hour; two first-year associates at $185.00 per hour; and seven law clerks at $160.00 per hour. Id.

YMCA's Request reflects 17 different professionals, some of whom worked on the Arbitration as both a paralegal and as an attorney. See YMCA's Request, at p. 7. Based on the detailed time sheets for YMCA's counsel shown in Exhibit B to YMCA's Request, the Arbitrator does not find that duplicative work was performed by different professionals in this Arbitration proceeding. Given the issues involved in this Arbitration, both in terms of the factual issues as well as the issues litigated prior to and during the Arbitration hearing, assigning multiple professionals to perform and litigate various tasks was reasonable. Accordingly, the Arbitrator does not find that the YMCA's Request includes charges for duplicative work.

E.  **Arbitration Costs/Expenses**

Section 18.2(e) of the Amended PSA states:

> Arbitration Fees. Initially, the Arbitrator's fees, and all administrative fees and costs shall be borne equally by the YMCA and the Developer and each Party shall be responsible for its own attorneys' fees and costs incurred in accordance with the arbitration proceedings. The Arbitrator shall have the power to award attorney fees and costs related to the arbitration to the prevailing party.

See Joint Exhibit 6, Amended PSA, Section 18.2(e); see also Id., Section 19.8; Rule 30, DPR Arbitration Rules. The FF-CL enforced the initial fee/costs allocation contained in Section 18.2(e) of the Amended PSA, subject to the parties' respective filings regarding the YMCA's request for attorneys' fees and costs as the prevailing party.

The YMCA seeks $23,800.00 in Dispute Prevention & Resolution, Inc. ("DPR") costs/expenses related to the Arbitration. See YMCA's Request, Exhibit G, "AHFI Itemization of Costs," at pp. 14. Based on the record, files, and matters presented during the Arbitration hearings, the Arbitrator finds that the parties should bear their respective DPR costs/expenses relating to the Arbitration and, therefore, the request for $23,800.00 in DPR costs/expenses is denied.

13

The Arbitrator has reviewed the remaining Arbitration-related costs submitted in the YMCA's request, finds those costs to be reasonable in type and amount, and awards the same to the YMCA.

### F. YMCA's Expert Witness Fees

AKD challenges YMCA's Request for expert witness fees totaling $89,239.24, on the grounds that those fees are unreasonable and excessive given the "clear language of the liquidated damages provision." See AKD's Response, at pp. 16-17; see also YMCA's Request, Exhibit G, "AHFI Itemization of Costs," at p. 14, and Exhibit G-7. AKD argues that the YMCA was limited to the amount of the deposit (i.e., $1 million) as liquidated damages pursuant to Section 15.1 of the Amended PSA and, therefore, retaining four experts who charged more than $89,000 in expert witness fees was excessive and unreasonable. Id.

The Arbitrator previously ruled that the liquidated damages provision of Section 15.1 of the Amended PSA is applicable and enforceable against the YMCA, and it limits YMCA's recoverable damages to $1 million. See Ruling On Remedies Provisions In The Amended PSA, Dated December 4, 2017. However, in order to be enforceable, the $1 million liquidated damages amount in the Amended PSA could not result in a forfeiture against AKD. Id., at pp. 4-5. As set forth in the Arbitrator's ruling, a non-breaching party may keep the amount specified under a liquidated damages provision if there is a reasonable relationship between the amount retained and the non-breaching party's actual damages. Id. Thus, the YMCA (i.e., the non-breaching party) was required to submit evidence of its actual claimed damages before retaining any portion of the $1 million liquidated damages amount provided for under the Amended PSA. Id.

In general, YMCA's experts calculated the YMCA's actual claimed damages vis-a-vis the projected cost to the YMCA to build a new facility contemplated under the Amended PSA, and the current fair market value of the property. <u>See, e.g.,</u> YMCA's Request, at pp. 17-18 and Exhibit G-6; and YMCA's Opening Memorandum On Remedies Pursuant To Sections 15.1 and 15.2 of the Purchase and Sale Agreement, Dated November 17, 2017, at p. 3. Regardless of whether the YMCA would actually recover the damages calculated by its experts, YMCA was obligated to submit proof of its claimed actual damages, as calculated by its experts, in order to show that the $1 million in liquidated damages in the Amended PSA would not be an illegal forfeiture against AKD. <u>See</u> Ruling On Remedies Provisions In The Amended PSA, Dated December 4, 2017, at pp. 4-5. Consequently, the Arbitrator finds that the YMCA's expert witness fees were reasonably and necessarily incurred in this matter.

### III.
### <u>RULING</u>

After review of the filings of the parties, the record presented, and after careful consideration, the Arbitrator rules that YMCA is entitled to an award of attorneys' fees and costs in the following amounts:

/

/

/

/

/

/

## Attorneys' Fees

| Timekeeper | Total Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Paul Alston | 104.5 | $395.00 | $41,277.50 |
| Nickolas Kacprowski | 1045.7 | $375.00 | $392,137.50 |
| Sandra Fujiyama | 63.6 | $400.00 | $25,440.00 |
| Glenn Melchinger | 22.1 | $360.00 | $7,956.00 |
| Meredith Miller | 39.2 | $250.00 | $9,800.00 |
| Jasmine Fisher (JMF) | 345.2 | $200.00 | $69,040.00 |
| Christopher Fargo-Masuda | 772.3 | $185.00 | $142,875.50 |
| Stephen Millwood | 33.1 | $185.00 | $6,123.50 |
| Stephen Millwood (SRM) | 77.2 | $125.00 | $9,650.00 |
| Aglae Van Den Bergh | 28.0 | $185.00 | $5,180.00 |
| Kevin Yolken | 58.9 | $125.00 | $7,362.50 |
| Amanda Dennis | 13.5 | $125.00 | $1,687.50 |
| Jennifer Fialkowski | 14.8 | $125.00 | $1,850.00 |
| Iris Takane | 453.9 | $125.00 | $56,737.50 |
| Samson Lee | 31.1 | $50.00 | $1,555.00 |
| Megan Scott | 15.8 | $50.00 | $790.00 |
| | | | ============ |
| Total | 3118.9 | | $779,462.50 |
| G.E.T. @ 4.712% | | | $36,728.27 |
| | | | ============ |
| Total AHFI | | | $816,190.77 |
| Chang Iwamasa | | | $4,441.26 |
| | | | ============ |
| Total Attorneys' Fees Awarded | | | $820,632.03 |

/

/

/

/

/

/

/

## Costs

| Description | Amount |
| --- | --- |
| Fees for Service of Summons and Subpoena | $848.60 |
| Witness Fees | $57.00 |
| Court Reporter Fees | $20,140.77 |
| Copying Costs - In-House | $3,432.90 |
| Copying Costs - Outside Vendors | $713.50 |
| Legal Research (Westlaw) | $9,282.58 |
| Expert Fees | $89,239.24 |
| Translation Fees | $1,020.00 |
| Postage/Express Mail | $31.86 |
| Courier Service | $503.86 |
| Messenger | $465.00 |
| Conference Calls | $211.83 |
| **Total Costs Awarded** | **$125,947.14** |

Given the above, pursuant to the FF-CL-Order, incorporated herein by reference, the Final Decision and Arbitration Award in favor of the YMCA and against AKD is as follows:

| | |
| --- | --- |
| Damages | $1,000,000.00 |
| Attorneys' Fees | 820,632.03 |
| Costs | 125,947.14 |
| Total | $1,946,579.17 |

DATED: Honolulu, Hawaii, March 2, 2018.

*/s/ David L. Fairbanks*
DAVID L. FAIRBANKS
Arbitrator