IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF HONOLULU, | ) ) ) | CIVIL NO. 18-00086 ACK-RLP |
| Petitioner, | ) ) ) | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART YMCA'S MOTION FOR ATTORNEYS' |
| vs. | ) ) | FEES AND COSTS |
| ALOHA KAI DEVELOPMENT, LLC, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART YMCA's MOTION FOR ATTORNEYS' FEES AND COSTS[1]

Before the Court is Petitioner YMCA'S Motion for
Attorneys' Fees and Costs, filed on June 12, 2018 ("Motion").
ECF No. 16.  Respondent filed its Opposition on July 10, 2018.
ECF No. 21.  Petitioner filed its Reply on July 24, 2018.  ECF
No. 23.  The Court found this matter suitable for disposition
without a hearing pursuant to Local Rule 54.3(f).  ECF No. 20.
After careful consideration of the submissions of the parties and
the relevant legal authority, the Court FINDS AND RECOMMENDS that
the district court GRANT IN PART AND DENY IN PART Petitioner's
Motion.

_____

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

BACKGROUND

Petitioner initiated this action on March 7, 2018, by filing a Motion for Order Confirming Arbitration Award, seeking confirmation of the arbitration award pursuant to Hawaii Revised Statutes Section 658A.  See ECF No. 1.  On June 5 2018, the district court issued its Order Granting Petitioner's Motion for Order Confirming Arbitration Award and Denying Respondent's Countermotion to Vacate or Correct the arbitration Award.  ECF No. 14.  In that Order, the district court expressly held that Hawaii Revised Statutes Section 658A governed this action.  Id. at 9-11.  Judgment was entered in Petitioner's favor on June 5, 2018.  ECF No. 15.  The present Motion followed.

DISCUSSION

I.    Entitlement to Attorneys' Fees

Petitioner requests an award of $16,749.21 in attorneys' fees and $400 in costs pursuant to Hawaii Revised Statutes Section 658A-25(c).  Under Hawaii law, "attorneys' fees cannot be awarded as damages or costs unless so provided by statute, stipulation, or agreement."  Stanford Carr Dev. Corp. v. United House, Inc., 305 141 P.3d 459, 478 (Haw. 2006) (citation omitted).  Section 658A-25(c) provides that a court may award reasonable attorney's fees and expenses to the "prevailing party to a contested judicial proceeding" after the court confirms an arbitration award.  Haw. Rev. Stat. § 658A-25(c).

2

Here, Petitioner filed a motion to confirm the arbitration award on March 7, 2018, pursuant to Section 658A-22. ECF No. 1.  Respondent contested the confirmation and filed a countermotion seeking to vacate or correct the arbitration award pursuant to Sections 658A-23 and 658A-24.  ECF No. 7.  Judgment was entered in favor of Petitioner.  See ECF Nos. 14, 15. Because Respondent opposed the confirmation and sought to vacate or correct the award, the Court finds that this action was a contested judicial proceeding as defined by Section 658A-25(c). Further, in light of the fact that judgment was entered in favor of Petitioner, the Court finds that Petitioner is the prevailing party.  Although Respondent is correct in noting that an award of attorneys' fees under Section 658A-25 is not mandatory, Respondent provides no basis for the Court to exercise its discretion to deny Petitioner's request for fees.  See ECF No. 21 at 4-5; compare Ventress v. Japan Airlines, No. CV 07-00581 SPK-LEK, 2008 WL 763185, at *7 (D. Haw. Mar. 20, 2008), aff'd, 603 F.3d 676 (9th Cir. 2010) (denying an award of fees under Section 658A-25 because the plaintiff was a pro se individual). Accordingly, the Court concludes that Petitioner is entitled to an award of reasonable attorneys' fees and expenses under Section 658A-25.

II.  Calculation of Attorneys' Fees

Hawaii courts calculate the reasonableness of

3

attorneys' fees based on a method that is nearly identical to the traditional "lodestar" calculation set forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). <u>See</u> <u>Gurrobat v. HTH Corp.</u>, 346 P.3d 197, 207 (Haw. 2015). The Court determines a reasonable fee by multiplying the reasonable hourly rate by the number of hours reasonably expended. <u>Id.</u> The lodestar amount is presumed reasonable; however, the court may adjust the lodestar figure based on an evaluation of several factors. <u>Id.</u> at 207-09.

Petitioner requests the following attorneys' fees for work performed by its counsel:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Paul Alston, Esq. | 2.9 | $395.00 | $1,145.50 |
| Nickolas A. Kacprowski, Esq. | 21.6 | $375.00 | $8,100.00 |
| Wendy F. Hanakahi, Esq. | 30.0 | $225.00 | $6,750.00 |
| | | SUBTOTAL | $15,995.50 |
| | *4.712% Hawaii General Excise Tax* | | $753.71 |
| | | **TOTAL** | **$16,749.21** |

A.    <u>Reasonable Hourly Rate</u>

Hawaii courts determine the reasonable hourly rate by considering "prevailing market rates in the relevant community." <u>Kaleikini v. Yoshioka</u>, 304 P.3d 252, 270 (Haw. 2013). Respondent does not object to the rates requested by Petitioner's counsel.

Based on the Court's knowledge of the community's prevailing rates, the Court's familiarity with this case, and Petitioner's submissions, the Court finds that the hourly rates

4

requested for Mr. Alston, an attorney with over 40 years of
experience, and Ms. Hanakahi, an attorney with more than ten
years of experience, are reasonable.  However, the Court finds
that the rate requested for Mr. Kacprowski is unreasonable.  As
noted above Petitioner requests $375 per hour for Mr. Kacprowski,
an attorney with fourteen years of experience.  Based on this
Court's knowledge of the prevailing rates in the community and
Mr. Kacprowski's role in this litigation, the Court finds that
$270 is a reasonable hourly rate for Mr. Kacprowski.  See Du
Preez v. Banis, No. CV 14-00171 LEK-RLP, 2017 WL 6523162, at *3
(D. Haw. Oct. 18, 2017), adopted by, 2017 WL 6519015 (D. Haw.
Dec. 20, 2017) (awarding $275 per hour for an attorney with
nineteen years of experience).

> B.   Reasonable Hours Spent

       A prevailing party seeking attorneys' fees bears the
burden of proving that the fees are associated with the relief
requested and are reasonably necessary to achieve the results
obtained.  See Sharp v. Hui Wahine, 49 Haw. 241, 247, 413 P.2d
242, 246 (Haw. 1966) (the party requesting fees has the burden to
prove that the requested fees were reasonably and necessarily
incurred).

       First, Respondent argues that Petitioner is not
entitled to recover any fees incurred before Respondent filed its
opposition to the motion for confirmation because until that

time, this action was not a "contested judicial proceeding" under
Section 658A-25(c).  See ECF No. 21 at 5-6.  Respondent does not
provide any authority for its argument and the Court is not
persuaded that the statute should be construed so narrowly.  As
noted above, Section 658A-25(c) provides that attorneys' fees may
be awarded in any contested judicial proceeding.  There is
nothing in the statute that limits the recovery to fees incurred
after an opposition is filed or limits the recovery of fees to
those fees incurred in responding to any opposition.  Further, it
was reasonable for Petitioner to begin working on its motion to
confirm the arbitration award after the arbitrator issued its
Findings of Fact, Conclusions of Law, and Order, even though the
issue of attorneys' fees under the contract was not yet resolved.
The Court rejects Respondent's arguments and finds that the fees
requested by Petitioner related to researching, drafting, and
filing its motion to confirm the arbitration award are
recoverable.

        Second, Respondent argues that Petitioner should not be
allowed to recover fees incurred for two attorneys attending the
hearing on its motion to confirm and Respondent's countermotion.
ECF No. 21 at 6.  Under Hawaii law, courts generally do not award
fees for duplicative efforts of counsel.  See, e.g., Schefke v.
Reliable Collection Agency, Ltd., 32 P.3d 52, 102 (Haw. 2001)
(reducing fees awarded because of duplicative efforts by the

attorney and paralegal); Fought & Co. v. Steel Eng'g & Erection,
Inc., 951 P.2d 487, 506 (Haw. 1998) (reducing the amount of fees
awarded to account for duplicative efforts by local and mainland
counsel); In re Thomas H. Gentry Revocable Tr., No. 29727, 2013
WL 376083, at *11 (Haw. Ct. App. Jan. 31, 2013) (citations
omitted) (stating that the trial court must review time entries
to eliminate padding in the form of inefficient or duplicative
efforts).  Here, the Court agrees that the time requested for
both Mr. Kacprowski and Mr. Alston to attend the hearing and
communicate with their client regarding the hearing is
duplicative.  The Court deducts 1.4 hours from the time requested
for Mr. Kacprowski.

      The Court has reviewed the remaining time entries and
finds that the remaining hours requested are reasonable.  The
Court finds that the following rates and hours are reasonable:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Paul Alston, Esq. | 2.9 | $395.00 | $1,145.50 |
| Nickolas A. Kacprowski, Esq. | 20.2[2] | $270.00 | $5,454.00 |
| Wendy F. Hanakahi, Esq. | 30.0 | $225.00 | $6,750.00 |
| | | SUBTOTAL | $13,349.50 |
| | *4.712% Hawaii General Excise Tax* | | $629.03 |
| | | **TOTAL** | **$13,978.53** |

---

    [2] 21.6 hours requested - 1.4 hours for duplicative billing =
20.2 hours.

III.  <u>Costs</u>

Finally, Petitioner requests an award of $400 in costs under Section 658A-25(c) for the filing fee.  The Court finds that the costs requested by Petitioner are reasonable.

CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that Petitioner YMCA'S Motion for Attorneys' Fees and Costs be GRANTED IN PART AND DENIED IN PART and AWARD Petitioner $13,978.53 in attorneys' fees and $400.00 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JULY 30, 2018.

Richard L. Puglisi
United States Magistrate Judge


**YMCA V. ALOHA KAI DEV., LLC; CIVIL NO. 18-00086 ACK-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART YMCA'S MOTION FOR ATTORNEYS' FEES AND COSTS**