IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YOUNG MEN'S CHRISTIAN ASSOCIATION OF HONOLULU, a Hawaii Nonprofit Corporation, </br></br>         Petitioner,</br></br>    v.</br></br>ALOHA KAI DEVELOPMENT, LLC, a Hawaii Limited Liability Company,</br></br>         Respondent. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>) Civ. No. 18-00086 ACK-RLP</br>)</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

**ORDER ADOPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PETITIONER'S MOTION FOR ATTORNEYS' FEES AND COSTS**

For the reasons set forth below, the Court adopts in part and rejects in part the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Petitioner YMCA's Motion for Attorneys' Fees and Costs, ECF No. 24, issued by Magistrate Judge Richard L. Puglisi on July 30, 2018.

### BACKGROUND[1]

Petitioner initiated this action on March 7, 2018, by filing a Motion for Order Confirming Arbitration Award, seeking confirmation of an arbitration award pursuant to Hawaii Revised Statutes ("HRS") Section 658A.  See ECF No. 1.  Respondent filed its Countermotion to Vacate or Correct the Arbitration Award on

---

[1] As the parties are familiar with the facts and procedural history of this case, the Court will provide only a brief overview of the proceedings most relevant to the issue of attorneys' fees and costs.

1

May 1, 2018.  On June 5, 2018, this Court issued its Order Granting Petitioner's Motion for Order Confirming Arbitration Award and Denying Respondent's Countermotion to Vacate or Correct the Arbitration Award.  ECF No. 14.  Judgment was entered in Petitioner's favor on June 5, 2018.  ECF No. 15.

Thereafter, on June 12, 2018, Petitioner filed a Motion for Attorneys' Fees and Costs.  ECF No. 16.  Respondent filed its Opposition on July 10, 2018, ECF No. 21, and Petitioner filed its Reply on July 24, 2018.  ECF No. 23.  On July 30, 2018, the Magistrate Judge issued his Findings and Recommendation to Grant in Part and Deny in Part YMCA's Motion for Attorneys' Fees and Costs (the "F&R").  ECF No. 24.

In the F&R, the Magistrate Judge recommended that this Court grant Petitioner attorneys' fees in the amount of $13,978.53 and costs in the amount of $400.00 pursuant to HRS Section 658A-25(c).  F&R at 7-8.

On August 13, 2018, Petitioner filed two objections ("Petitioner's Objections") to the Magistrate Judge's F&R.  ECF No. 25.  First, Petitioner objected to the Magistrate Judge's recommended reduction of Mr. Nickolas A. Kacprowski's requested hourly rate of $375.00 per hour to $270.00 per hour.  Petitioner's Objections at 1.  Second, Petitioner objected to the Magistrate Judge's recommended deduction of 1.4 hours from the time requested for Mr. Kacprowski for having a second

attorney, Mr. Paul Alston, attend the hearing on Petitioner's Motion for Order Confirming the Arbitration Award and Respondent's Countermotion to Vacate or Correct the Arbitration Award (the "Hearing"). Id. On August 27, 2018, Respondent filed its response ("Respondent's Response") to Petitioner's objections. ECF No. 26.

## STANDARD OF REVIEW

The district court may accept those portions of a magistrate judge's findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. United States v. Bright, Civ. No. 07-00311 ACK-KSC, 2009 WL 5064355, at *3 (D. Haw. Dec. 23, 2009); Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003).

When a party objects to a magistrate judge's findings and recommendation, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(a); L.R. 74.2. Under a de novo standard, a district court "review[s] the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

The district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation. Akhtar v. Mesa, 698 F.3d 1202, 1208 (9th Cir. 2012). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C); L.R. 74.2. The district court may consider the record developed before the magistrate judge, but the Court must make its own determination on the basis of that record. L.R. 74.2.

## **DISCUSSION**

The parties have not objected to the Magistrate Judge's recommendation that this Court hold that Petitioner is entitled to an award of reasonable attorneys' fees, as a general matter, and costs in the amount of $400.00 under HRS Section 658A-25. See generally F&R. The Court does not find clear error in the F&R regarding this recommendation and adopts it for the reasons stated therein.

In the F&R, the Magistrate Judge recommended that this Court reduce Mr. Kacprowski's requested hourly rate as well as the total number of hours requested for Mr. Kacprowski's services due to duplicative billing. F&R at 7. To calculate reasonable attorneys' fees, the Magistrate Judge applied the method used by Hawaii courts, which is nearly identical to the

4

traditional "lodestar" calculation set forth in Hensley v. Eckerhart. 461 U.S. 424, 433 (1983); Gurrobat v. HTH Corp., 346 P.3d 197, 207 (Haw. 2015). Because Hawaii state courts have considered federal law in determining a reasonable hourly rate, federal case law is instructive in this matter. See, e.g., Cnty. of Haw. v. C & J Coupe Family Ltd. P'shp, 208 P.3d 713, 720 (Haw. 2009) (determining a reasonable hourly rate based on the "prevailing market rates in the relevant community") (quoting Blum v. Stenson, 465 U.S. at 895 (1984)).

The lodestar method requires the Court to determine a reasonable fee by multiplying an attorney's reasonable hourly rate by the reasonable number of hours worked. Hensley, 461 U.S. at 433. A strong presumption exists that the lodestar amount is reasonable. Kaleikini v. Yoshioka, 304 P.3d 252, 273 (Haw. 2013). However, a court may adjust the lodestar figure using various factors as "guides." Chun v. Bd. of Trs. of Emps.' Ret. Sys. of Haw., 106 P.3d 339, 358 (Haw. 2005).

Petitioner requested the following lodestar amount for the work of its attorneys:

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Paul Alston, Esq. | 2.9 | $395.00 | $1,145.50 |
| Nickolas A. Kacprowski, Esq. | 21.6 | $375.00 | $8,100.00 |
| Wendy F. Hanakahi, Esq. | 30.0 | $225.00 | $6,750.00 |
| | | SUBTOTAL | $15,995.50 |
| Hawaii General Excise Tax of 4.712% | | | $753.71 |
| | | **TOTAL** | $16,749.21 |

5

See F&R at 4. The Magistrate Judge analyzed Petitioner's request pursuant to the lodestar analysis, first considering the reasonableness of the hourly rates, and subsequently analyzing the hours reasonably expended. Id. at 4-5.

The Magistrate Judge ultimately recommended a reduction in Petitioner's requested fee based on two findings: (1) the requested hourly rate for Mr. Kacprowski was unreasonable for an attorney with fourteen years of experience based on the prevailing rates in the community and Mr. Kacprowski's role in the litigation; and (2) the time entry that requested fees for two attorneys attending the Hearing was impermissibly duplicative. Id. at 5, 7. The Magistrate Judge recommended that this Court award Petitioner $400.00 in costs and $13,978.53 in attorneys' fees, as set forth below, for a total award of $14,378.53.

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Paul Alston, Esq. | 2.9 | $395.00 | $1,145.50 |
| Nickolas A. Kacprowski, Esq. | 20.2 | $270.00 | $5,454.00 |
| Wendy F. Hanakahi, Esq. | 30.0 | $225.00 | $6,750.00 |
| | | SUBTOTAL | $15,995.50 |
| Hawaii General Excise Tax of 4.712% | | | $629.03 |
| | | **TOTAL** | $13,978.53 |

Id. at 7. The Court will review de novo Petitioner's objections in turn.

**I.  Reasonableness of Hourly Rates**

Petitioner filed a limited objection to the Magistrate Judge's F&R to the extent that it found the billing rate

6

requested for Mr. Kacprowksi, $375.00 per hour, was unreasonable and recommended that this Court reduce Mr. Kackprowski's billing rate to $270.00 per hour.  Petitioner's Objections at 1.  Petitioner asserts that based on the outcome of the arbitration proceedings, the fact that Respondent never objected to the requested hourly rate, and the evidence submitted in support of Mr. Kacprowski's requested rate, the recommendation of a reduced rate was unwarranted.  Id.  Petitioner further asserts that it was improper for the Magistrate Judge to base its resasonablenss determination primarily on the number of years that Mr. Kacprowski has practiced law.  Id. at 2.  Petitioner argues that the Magistrate Judge should have also considered the nature of the litigation and Mr. Kacprowski's skill, experience, and reputation as an attorney in determining a reasonable billing rate.  Id. at 2-3; see Hiken v. Dept. of Defense, 836 F.3d 1037, 1044 (9th Cir. 2016) (stating that the reasonable rate of an attorney should be determined by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation).

The fee applicant bears the burden of establishing that the requested hourly rate reflects prevailing rates for similar legal services in the community.  Liberty Mut. Ins. Co. v. Sumo-Nan LLC, No. CV 14-00520 DKW-KSC, 2017 WL 810277, at *9 (D. Haw. Mar. 1, 2017); Smothers v. Renander, 2 Haw. App. 400,

633 P.2d 556, 563 (1981). The party that opposes the fee application bears the burden of submitting evidence in rebuttal to challenge the reasonableness of the fees requested. Hiken, 836 F.3d at 1045 (9th Cir. 2016) (citing Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

The Court observes that during the arbitration proceedings, the arbitrator determined that $375.00 per hour was a reasonable billing rate for Mr. Kacprowski. Petitioner's Objections at 7. In fact, Respondent argued before the arbitrator that a the billing rate of $395.00, which Petitioner requested in those proceedings, was unreasonable, and that the arbitrator should reduce Mr. Kacprowski's rate to $375.00 per hour. ECF No. 7-7 at 13. Subsequently, at no time during the proceedings before the Magistrate Judge did Respondent object to Petitioner's requested billing rate of $375.00 per hour. These facts serve as compelling evidence that $375.00 per hour is a reasonable billing rate.

Petitioner also provides evidence in its Motion for Attorneys' Fees and Costs that Mr. Kacprowski has over fourteen years of experience in commercial complex litigation matters. Kacprowski Decl., ECF No. 16 at ¶ 7. Mr. Kacprowski has been a shareholder and director at the law firm of Alston Hung Floyd & Ing for four years, prior to which he was a partner at the law firm of Kirkland & Ellis, LLP for four years. Id. at ¶¶ 7, 9.

His current billing rate is $410.00 per hour.  Id. at ¶ 11.  At the time this litigation commenced, Mr. Kacprowski's standard billing rate was $395.00 per hour, which the YMCA agreed to pay when it retained Mr. Kacprowski.  Id. at ¶ 12.  For purposes of the Motion for Attorneys' Fees and Costs, Mr. Kacprowski reduced his billing rate to $375.00 per hour at the request of the YMCA.  Id.

This Court is required to consider an attorney's experience, skill and reputation when calculating reasonable hourly rates—not merely the number of years an attorney has practiced law.  Welch v. Metro. Life Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007); Jadwin v. Cty. of Kern 767 F. Supp. 2d 1069, 1130 (E. D. Cal. 2011) (emphasizing that an attorney's reasonable hourly rate is not determined solely by reference to the number of years spent in practice).  The Ninth Circuit has reversed district courts for simply relying on prior cases from the same district when setting hourly rates in fee awards.  Hiken, 836 F.3d at 1045 (vacating an attorneys' fees award that was based on the district court's reliance on two prior cases rather than the evidence submitted by the fee applicant[2]).

---

[2] Although rate determinations in other cases may provide evidence of the prevailing market rates, other factors, too, including affidavits of the plaintiffs' attorneys and other evidence submitted are also instructive in arriving at a reasonable billing rate.  Hiken, 836 F.3d at 1044.

9

In addition, Mr. Kacprowski's requested rate of $375.00 per hour is well below rates that courts in other districts have approved for him.[3]

The work underlying the motion to confirm the arbitration award involved complex commercial litigation and the Court is required to consider the prevailing rate in the community for legal work of similar complexity. Welch, 480 F.3d 942 at 946.

Respondent argued at arbitration in favor of a billing rate of $375.00 per hour, which was awarded, failed to object to that rate at the proceedings before the Magistrate Judge, and has submitted no evidence challenging the reasonableness of Mr. Kacprowski's requested fee. Accordingly, Respondent has failed to rebut the reasonableness of the requested billing rate.[4] Given these circumstances, the complexity of the case, and the evidence submitted by Petitioner, the Court finds that Mr. Kacprowski's requested rate of $375.00 per hour is reasonable.

---

[3] Mr. Kacprowski states in his declaration that, while a partner at Kirkland & Ellis, LLP, the United States Bankruptcy Court for the District of Delaware approved a fee application with an hourly rate of $620.00 per hour for his services. Kacprowski Decl., ECF No. 16 at ¶ 10. Although this fee award is not indicative of reasonable rates in Honolulu, and a bankruptcy case is quite dissimilar to the issues in this case, the Court nevertheless finds that evidence of this fee award bears on Mr. Kacprowski's skill and experience as an attorney.

[4] Indeed, the Court of Appeals for the Ninth Circuit has stated that the losing party bears the burden of producing a "sufficiently cogent explanation" of why a fee request is excessive, and that if "opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut." Moreno v. Cty. of Sacramento, 534 F.3d 1106, 1116 (9th Cir. 2008).

Therefore, the Court concludes that a rate of $375.00 per hour should be applied to determine the lodestar calculation for Mr. Kacprowski's attorneys' fees with respect to this action.

**II. Reasonable Hours Spent**

The Court now turns to Petitioner's second limited objection to the Magistrate Judge's finding that fees requested for two attorneys attending the Hearing were impermissibly duplicative.  F&R at 7.  The Magistrate Judge correctly observed that under Hawaii law, courts do not generally award fees for duplicative efforts of counsel.  Id. at 6; Schefke v. Reliable Collection Agency, Ltd., 32 P.3d 52, 102 (Haw. 2001) (stating that courts should reduce an award of attorneys' fees for duplicative efforts by an attorney and paralegal).  For this reason, the Magistrate Judge found that the time requested for both Mr. Kacprowski and Mr. Alston to attend the Hearing was duplicative and recommended deducting 1.4 hours from the time requested for Mr. Kacprowski.  F&R at 7.

The Court notes that Respondent failed to set forth any rationale in its Response as to why participation of both attorneys in the aforementioned proceedings was unnecessarily duplicative, other than stating that it was "not reasonable or necessary."  Respondent's Response at 5.

In general, it is appropriate for two attorneys to bill for their appearances at court proceedings when it is

"reasonable and necessary for a 'second-chair' to appear with lead counsel." Nat'l Comm'n for Certification of Crane Operators v. Ventula, No. CV 09-00104 SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010). Furthermore, the Ninth Circuit has held that the participation of multiple attorneys in a given matter does not necessarily constitute unnecessary duplication of effort, and that participation of multiple attorneys can be appropriate depending on the complexity of the legal issues and facts in a given case. Kim v. Fujikawa, 871 F.2d 1427, 1435 n. 9 (9th Cir. 1989); see, e.g., Wyatt v. Ralphs Grocery Co. CV No. 02-01260 DOC, 2002 WL 32985841, at *4 (C. D. Cal. Apr. 1, 2002), aff'd 65 Fed. Appx. 589 (9th Cir. 2003) (finding that it is reasonable for lead counsel to have a "second chair" at trial even when the "second chair" does not present any of the plaintiff's case); Arnett v. Hartford Life and Accident Ins. Co., 558 F. Supp. 2d 975 (C. D. Cal. 2007) (finding that attendance of two attorneys at hearings for a motion for summary adjudication and motion for summary judgment is not duplicative).

Petitioner explains in its Objections why the nature of the case and the hearing on the motion to vacate necessitated the presence of two attorneys at the hearing. Petitioner's Objections at 9-10. Specifically, Petitioner notes that the arbitration award was nearly $2 million, which its client YMCA

12

incurred over $1 million in fees to obtain, and that property that was the subject of the underlying arbitration was worth over $20 million. Id. at 10. Both Mr. Kacprowski and Mr. Alston litigated the arbitration proceedings. Petitioner's Reply, ECF No. 23 at 6; Petitioner's Objections at 9. Accordingly, it appears essential that they both attended the confirmation hearing especially regarding Respondent's Countermotion to Vacate or Correct the Arbitration Award.

Given the forgoing circumstances, the Court finds that it was reasonable to have both attorneys attend the Hearing. Accordingly, the Court awards Petitioner the full time requested for both Mr. Kacprowski and Mr. Alston to attend the Hearing.

Consequently, the Court awards Petitioner $400.00 in costs and $16,749.21 in attorneys' fees as set forth below, for a total award of $17,149.21.

| **ATTORNEY** | **HOURS** | **RATE** | **TOTAL** |
|---|---:|---:|---:|
| Paul Alston, Esq. | 2.9 | $395.00 | $1,145.50 |
| Nickolas A. Kacprowski, Esq. | 21.6 | $375.00 | $8,100.00 |
| Wendy F. Hanakahi, Esq. | 30.0 | $225.00 | $6,750.00 |
| | | SUBTOTAL | $15,995.50 |
| | Hawaii GET of 4.712% | | $753.71 |
| | TOTAL ATTORNEYS' FEES | | $16,749.21 |
| | | Costs | $400.00 |
| | | **TOTAL** | $17,149.21 |

## CONCLUSION

For the foregoing reasons, the Court ADOPTS IN PART and REJECTS IN PART the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part Petitioner's

13

Motion for Attorneys' Fees and Costs, and awards Petitioner a total of $17,149.21.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 19, 2018.



_____
Alan C. Kay
Sr. United States District Judge

Young Men's Christian Association of Honolulu v. Aloha Kai Development, LLC, Civ. No. 18-00086 ACK-RLP, Order Adopting in Part and Rejecting in Part Magistrate Judge's Findings and Recommendation.